■ PETER MENOUDAKOS, Appellant, v CITY OF NEW YORK, Respondent. —In an action to recover the monetary value of compensatory time accrued while plaintiff was employed as an Assistant District Attorney, plaintiff appeals from an order of the Supreme Court, Queens County, dated June 27, 1979, which, *inter alia,* held that the action was time barred and granted defendant's cross motion for summary judgment. Order affirmed, without costs or disbursements. Plaintiff sues to recover a liquidated sum for compensatory time allegedly accrued while employed as an Assistant District Attorney. Although his complaint is unclear as to the underlying nature of the asserted accruals, apparently the claim encompasses both unused vacation time and accrued overtime. Concerning that part of plaintiff's claim which encompassed nonovertime accruals, we agree with the conclusion of Special Term that the matter was time barred. Plaintiff points to no statutory authority which would create a liability for nonovertime accruals. Therefore, the action, as against a governmental body must be brought within four months of the body's refusal of the plaintiff's demand (see CPLR 217). Here, plaintiff's claim was rejected by letter dated February 1, 1978. The suit was not commenced until June 23, 1978, as indicated by defendant's receipt date stamped upon the complaint. As this was outside the apposite statutory limitations period the claim must be dismissed as time barred. We also are of the view that plaintiff's claim for overtime compensation is without foundation. Proceeding under section 1103-4.0 of the Administrative Code of the City of New York, plaintiff was obligated to prove, first, that the Mayor had authorized the District Attorney to require overtime, and second, that the District Attorney had consented to the overtime service pursuant to section 930 of the County Law. Plaintiff has failed on both counts. As proof of authorization by the Mayor, plaintiff has submitted several executive orders, at least one of which, he argues, applies to his position. However, the orders submitted are simply regulations for liquidating properly accrued overtime and are not blanket authorizations for overtime work by any agency. (See *Ryan v Lindsay,* NYLJ, Sept. 29, 1967, p 17, col 5.) In addition, plaintiff has failed to produce evidence which would indicate a ratification by the District Attorney of such overtime payments. Although plaintiff alleges that it had been office policy to compensate for overtime work, the affidavits submitted in support of such allegations do not demonstrate that such compensation was monetary in nature. Indeed, the affidavits in opposition submitted by several of plaintiff's former colleagues unequivocally show that extra work was considered a professional responsibility and that monetary compensation had been nei-

ther promised nor expected. Finally, insofar as plaintiff relied upon allegations that certain former Assistant District Attorneys had been compensated for accrued time, it is significant that plaintiff has not established the nature of such accruals, while two of the four persons named by the plaintiff have submitted affidavits that the payment had been exclusively for unused vacation time. Hence, summary judgment must be granted to defendant and the complaint dismissed. Mollen, P. J., Hopkins, Rabin and O'Connor, JJ., concur.